UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ERIC LORENZO MOULTRIE, | ) | Civil Action No.: 4:14-cv-0337-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **ORDER** |
| SOUTHERN HEALTH PARTNERS, | ) | |
| RN PAM ARD, and DR. BUSH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights. Presently before the court are Plaintiff's Motion to Amend his Complaint (Document # 30), Motion to Appoint Counsel (Document # 31), and Motions to Compel (Documents # 43, 44).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff seeks to amend his complaint and attaches a proposed amended complaint to his motion. Plaintiff's proposed amended complaint provides a more thorough recitation of the allegations set forth in his original complaint, and Defendants do not oppose allowing the amendment for this purpose. However, Defendants do oppose Plaintiff's new request for a jury trial for punitive damages. Defendants argue that Plaintiff's request for a jury trial is untimely and his request to amend the type of damages sought is futile.

Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely

---

[1] Also pending are Plaintiff's Motion for Preliminary Injunction (Document # 27) and Defendants' Motion for Summary Judgment (Document # 47), which will be addressed by separate Report and Recommendation.

when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.1986)).

Plaintiff's request for a jury trial is untimely pursuant to Fed.R.Civ.P. 38(b), which requires that a party may demand a jury trial "by serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served." "Amendments or supplemental pleadings do not extend the time for making a demand for jury trial except as to new issues raised by the new pleading." Britt v. Knight Pub. Co., 42 F.R.D. 593, 594 (D.S.C. 1967). Plaintiff's proposed amended complaint raises no new issues, but only clarifies Plaintiff's factual allegations. Thus, Plaintiff's request for a jury trial should be stricken from the proposed amended complaint.

Defendants also object to Plaintiff's request to amend the type of damages sought in his prayer for relief. In his original complaint, Plaintiff sought $100,000. In his proposed amended complaint, Plaintiff seeks compensatory damages of $50,000 and punitive damages of $50,000. Defendants argue that the request for punitive damages is futile because Plaintiff does not allege any wilful or wanton conduct that would support an award of punitive damages. However, because Plaintiff is proceeding pro se and, thus, the court must liberally construe his allegations, see Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982), and in light of the fact that Plaintiff is alleging violations of his constitutional rights, the undersigned finds that Plaintiff has sufficiently pleaded allegations that could support an award of punitive damages.

Therefore, Plaintiff's Motion to Amend his Complaint is **GRANTED** in part and **DENIED**

in part. The clerk of court is directed to append Plaintiff's proposed amended complaint to his original complaint and file them together as an amended complaint. However, Plaintiff's request for a jury trial is stricken.

Plaintiff also seeks appointment of counsel. There is no right to appointed counsel in Section 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff presents no exceptional circumstances that would warrant appointment of counsel. Thus, this motion is **DENIED.**

Plaintiff files two motions to compel, the first to compel Defendants to respond to his interrogatories served June 2, 2014, and the second to compel them to respond to his requests for production, served the same day. Plaintiff's motions were dated July 2, 2014, and filed on July 3, 2014. Defendants note that, as an initial matter, because Defendant received the discovery requests on June 5, 2014, Plaintiff's motions were prematurely filed as responses were not due until July 7, 2014. See Fed. R. Civ. P. 6(a)(1)(C) and (d), 33(b)(2) and 34(b)(2) (30 days plus 3 mail days, one of which fell on the weekend). In addition, Defendants argue that Plaintiff's discovery requests were not timely served under the scheduling order. The scheduling order provided a June 9, 2014, deadline for discovery to be completed, and further instructed that "[a]ll discovery requests shall be served in time for the responses thereto to be served by this date." Scheduling Order (Document # 25). Accordingly, Plaintiff's interrogatories and requests for production, served less than a week prior to the discovery deadline, were not timely. For these reasons, Plaintiff's Motions to Compel are **DENIED**.

-4-

For the reasons discussed above, Plaintiff's Motion to Amend his Complaint (Document # 30) is **GRANTED** in part and **DENIED** in part, Motion to Appoint Counsel (Document # 31) is **DENIED**, and Motions to Compel (Documents # 43, 44) are **DENIED**.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 19, 2014
Florence, South Carolina